# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**ERIC RUSSELL HURT**                                    **PLAINTIFF**

v.                    No. 3:17-CV-00176-JTR

**NANCY A. BERRYHILL,**
**Deputy Commissioner for Operations,**
**performing the duties and functions**
**not reserved to the Commissioner**
**of Social Security Administration**                    **DEFENDANT**

## ORDER REMANDING TO THE COMMISSIONER

Eric Hurt ("Hurt") applied for social security disability benefits with an alleged disability onset date of April 21, 2014. (R. at 222, 234). After conducting a hearing, the administrative law judge ("ALJ") denied Hurt's application for benefits. (R. at 24). The Appeals Council denied Hurt's request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Hurt has requested judicial review.[1]

For the reasons stated below, this Court reverses and remands the Commissioner's decision.

**I.    The Commissioner's Decision**

The ALJ held that Hurt had the severe impairments of obesity, diabetes mellitus, obstructive sleep apnea, chronic obstructive pulmonary disease,

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge.

1

hypertension, and major depressive disorder. (R. at 13). The ALJ held that Hurt's impairments left him with the residual functional capacity ("RFC") to lift and carry ten pounds occasionally and less than ten pounds frequently; stand and/or walk in intervals of thirty to sixty minutes for two hours in an eight-hour workday; sit in intervals of thirty minutes for six hours in an eight-hour workday; push and/or pull ten pounds occasionally and less than ten pounds frequently; understand, remember, and carry out simple job instructions; make judgments in simple work-related situations; respond appropriately to co-worker and supervisors; and respond appropriately to minor changes in usual work routine. (R. at 16). The RFC also required that Hurt avoid exposure to excessive airborne irritants such as dust, fumes, odors, smoke, etc. (R. at 16).

The ALJ took testimony from a vocational expert ("VE"), who testified that the RFC would preclude Hurt from performing any of his past relevant work. (R. at 22–23). The VE testified further, however, that Hurt's RFC would allow him to perform other jobs in the national economy such as work as a "table worker" and telephone quote clerk. (R. at 24). Thus, the ALJ held that Hurt was not disabled. (R. at 24).

## II. Discussion

Hurt argues that the ALJ failed to properly develop the record concerning his physical RFC and that the VE's testimony conflicts with the *Dictionary of*

2

*Occupational Titles*. Because the Court concludes that the ALJ did not fully and fairly develop the record concerning Hurt's physical RFC, it is not necessary to reach his other ground for reversal.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g).

Hurt notes that the record contains no opinion from a treating or even an examining physician regarding his physical abilities in the workplace. The record consists entirely of treatment records with a single opinion regarding Hurt's mental RFC. In assessing Hurt's RFC, the ALJ gave great weight to the non-examining State Agency consultants' opinions. (R. at 22).

Citing to *Nevland v. Apfel*, 204 F.3d 853 (8th Cir. 2000), Hurt argues that the lack of a treating or examining physician opinion is a fatal flaw in the ALJ's RFC determination. In *Nevland*, there was no medical evidence concerning how the plaintiff's impairments affected his ability to function in the workplace. *Id*. at 858. The Eighth Circuit noted that the opinions of non-examining physicians do not normally constitute substantial evidence on the record as a whole and recognized that it is not acceptable for an ALJ to draw his own inferences from the medical record about a claimant's ability to function in the workplace. *Id.*

The Commissioner counters that *Nevland* does not go so far as to require a treating or examining physician's opinion to be in the record. In support of this assertion, the Commissioner cites to a case from the Northern District of Iowa. There, the court observed that *Nevland* does not require remand in every case where the record lacks a treating physician's opinion. *Bakkum v. Colvin*, No. 15-CV-2064 EJM, 2016 WL 1060294, at *2 (N.D. Iowa Mar. 14, 2016). However, *Bakkum* concerned a case that was decided *at step four*, where the plaintiff was found capable of returning to past relevant work. *Id.* Furthermore, the *Bakkum* court recognized that, in a step five case like this one, where the burden shifts to the Commissioner to prove that there are jobs that the claimant can perform existing in significant numbers in the national economy, *Nevland* applies and requires that the ALJ's RFC determination to rest on medical records and opinions from a treating or examining physician. *Id.*

Here, the record is devoid of medical evidence concerning the impact of Hurt's impairments on his physical RFC. The case was decided at step five, and the burden shifted to the Commissioner as the burden shifted in *Nevland*. The facts in this case mirror those in *Nevland*. The Commissioner argues that the ALJ relied on treating source opinions, but that only applies to the *mental* portion of the RFC. As Hurt has significant severe physical impairments, a single opinion regarding mental impairments to which the ALJ gave little weight does not suffice. The

Commissioner's step five burden was not met, and the record does not have sufficient evidence to support the ALJ's RFC determination.

## III. Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court concludes that the record as a whole does not contain ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The ALJ's decision is therefore REVERSED and REMANDED to the Commissioner with instructions to further develop the record as necessary by re-contacting Hurt's treating sources and/or ordering physical consultative examinations.

It is so ordered this 2nd day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE